**IN THE
UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | CR. NO. 07-318 (EGS) |
| **TERRY HALL** | ) | |

**RESPONSE TO GOVERNMENT'S MEMORANDUM OF LAW
CONCERNING DETENTION**

Terry Hall, by and through counsel, respectfully submits this Memorandum of Law concerning matters relating to pretrial detention based on risk of flight. Although case law supports the pretrial detention of a criminal defendant based solely on risk of flight, pretrial detention based merely on risk of flight is an event which shall occur rarely. Additionally, pretrial detention of a criminal defendant is prohibited in cases where the government is only able to show that a defendant has the means and ability to flee. In this case, because there are conditions of release available to the court which can reasonably assure Mr. Hall's appearance when required and because the government has only presented evidence regarding an opportunity to flee, Mr. Hall's pretrial detention is improper.

Under the Bail Reform Act, district courts "shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of the community." 18 U.S.C. 3142(b). Even in situations where the court determines that release under the conditions described in 18 U.S.C. 3142(b) will not assure the defendant's appearance in court or the safety of the community, rather than detaining the defendant, 18 U.S.C. 3142(c) requires the court to seek the

imposition of any additional "least restrictive" conditions of release which will reasonably assure the defendant's appearance and the safety of the community. Under such a construction, courts have repeatedly recognized that the Bail Reform Act strongly favors pretrial release over pretrial detention.  See United States v. Orta, 760 F.2d 887, 890-892 (8th Cir. 1985); United States v. Miller, 625 F. Supp. 513, 516-17 (D.Kan. 1985).

In this Circuit, when properly applying the Bail Reform Act, the Court of Appeals cautioned that "[d]etention until trial is relatively difficult to impose." United States v. Singleton, 182 F.3d 7, 9 (D.C. Cir. 1999). In fact, according to the United States Supreme Court, the Eighth Amendment "obligates judges passing upon the right to bail to deny such relief only for the strongest of reasons." Sellers v. United States, 89 S.Ct 36, 38 (1968). The Supreme Court has also held that any "[d]oubts whether [bail] should be granted or denied should always be resolved in favor of the defendant." Herzog v. United States, 75 S.Ct. 349, 351 (1955). A little more than a half century ago, the Supreme Court noted the following regarding pretrial release:

> federal law has unequivocally provided that a person arrested for a non-capital offense shall be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and it serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning."

Stack v. Boyle, 342 U.S. 1, 4 (1951).

In addition to the authority cited above, Mr. Hall submits that his pretrial detention in this case is unlawful because the government has only shown an opportunity to flee rather than showing any facts which would indicate that Mr. Hall will in fact flee if released. It has been held that "[m]ere opportunity for flight is not sufficient grounds for pretrial detention." United States v.

Himler, 797 F.2d 156 (3d Cir. 1986); see also United States v. Xulam, 84 F.3d 441, 444 (D.C. Cir. 1996) (the notion that those supervising and monitoring a defendant who ultimately chooses to flee could not stop him from fleeing is true for every defendant and this is "not the standard authorized by law for determining whether pretrial detention is appropriate").

Based on all the facts and arguments previously discussed by Mr. Hall, as well as the authority and arguments raised in this memorandum, Mr. Hall requests his pretrial release in this case as soon as possible.

                                          Respectfully Submitted,

                                          A.J. KRAMER
                                          FEDERAL PUBLIC DEFENDER

                                                /s/
                                          TONY W. MILES
                                          Assistant Federal Public Defender
                                          625 Indiana Avenue, N.W., #550
                                          Washington, D.C. 20004
                                          (202) 208-7500