UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 07-318(EGS) |
| | ) | |
| vs. | ) | |
| | ) | |
| TERRY HALL, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MEMORANDUM OF LAW CONCERNING DETENTION

The United States of America (the "Government"), through its attorney, William M. Welch II, Chief, Public Integrity Section, Criminal Division, U.S. Department of Justice, respectfully submits this memorandum of law in response to the Court's request for legal authorities concerning whether risk of flight alone may support pre-trial detention. As is explained below, it is clear that, under 18 U.S.C. § 3142, risk of flight alone is an adequate and independent basis for pre-trial detention without regard to any danger the defendant may pose to the community.

### Background

18 U.S.C. § 3142 provides in pertinent part as follows:

> (b) The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court ... unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

\*      \*      \*

> (e) If after a hearing pursuant to the provisions of subsection (f) of this section [concerning detention], the judicial officer finds that no condition or combination of

conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

It is well-settled that "for pretrial detention to be imposed, lack of reasonable assurance of either appearance or safety of others or community is sufficient; both are not required." <u>United States v. Reuben</u>, 974 F.2d 580, 586 (5th Cir. 1992), <u>cert. denied</u>, 507 U.S. 940 (1993) (citing <u>United States v. Hare</u>, 873 F.2d 796, 798 (5th Cir. 1989), and <u>United States v. Fortna</u>, 769 F. 2d 243, 249 (5th Cir. 1985)); <u>see also</u> <u>United States v. McConnell</u>, 842 F.2d 105, 110 (5th Cir. 1988); <u>United States v. Hollender</u>, 162 F. Supp. 261, 267 n. 1 (S.D.N.Y. 2001); <u>United States v. Cole</u>, 715 F. Supp. 677, 679-80 (E.D. Pa. 1988) (citing <u>United States v. Himler</u>, 797 F. 2d 156, 160 (3d Cir. 1986); <u>United States v. Askari</u>, 608 F. Supp. 1045 (E.D. Pa. 1985); <u>United States v. Resek</u>, 602 F. Supp. 1126, 1128-29 n. 1 (S.D.N.Y. 1985); and <u>United States v. Kouyoumdjia</u>, 601 F. Supp. 1506 (C.D. Cal. 1985)).

Accordingly, there are numerous cases, including cases in this Circuit, in which defendants have been detained pretrial on the basis of a judicial finding of risk of flight, irrespective of whether they pose a danger to the community. <u>See, e.g.</u>, <u>United States v. Vortis</u>, 785 F.2d 327 (D.C. Cir.) (upholding district court's affirmation of magistrate's order detaining defendant on basis of risk of flight), <u>cert. denied</u>, 479 U.S. 841 (1986); <u>United States v. Anderson</u>, 384 F. Supp. 2d 32 (D.D.C. (detaining defendant because of risk of flight), <u>appeal dismissed</u>, 2005 WL 3789065 (D.C. Cir. 2005); <u>United States v. Motta-Vargas</u>, 2007 WL 1232187 (D.D.C. 2007) (although defendant detained on both grounds, detention was warranted on grounds of flight risk alone). The Government is not aware of any cases in this Circuit which expressly addressed the question whether

risk of flight may serve as the sole basis for an order of pretrial detention.

                                                                        Respectfully submitted,

| LISA PHELAN | WILLIAM M. WELCH II |
|---|---|
| Chief | Chief |
| National Criminal Enforcement Section | Public Integrity Section |
| Antitrust Division | Criminal Division |
| | |
| By: _____/s/_____ | By: _____/s/_____ |
| FINNUALA KELLEHER | PETER C. SPRUNG |
| Trial Attorney | Trial Attorney |
| (202) 307-5785 | (202) 305-4042 |

CERTIFICATE OF SERVICE

Washington, D.C.
February 15, 2008

I, Peter C. Sprung, Trial Attorney, U.S. Department of Justice, do hereby certify that I have served a copy of the foregoing Government's Memorandum of Law Concerning Detention by filing said memorandum with the District of Columbia District Court's electronic document filing system:

Tony Miles, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
625 Indiana Ave., NW, #550
Washington, DC 20004


_____/s/_____
PETER C. SPRUNG
Trial Attorney
Public Integrity Section